

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

August 28, 1996

The Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-412

Re: Whether a county juvenile board is authorized to provide educational services to students who have not been adjudicated delinquent by a juvenile court and ordered to attend a juvenile justice alternative education program pursuant to Education Code, section 37.011(b), and related question (RQ-892)

Dear Mr. Driscoll:

Among the education reforms passed by the legislature last session in Senate Bill 1[1] are several provisions requiring juvenile boards in certain counties to establish juvenile justice alternative education programs (JJAEPs), see Educ. Code §§ 37.011 - .013,[2] and to provide educational services to certain students who have been found by a juvenile court to have engaged in delinquent conduct, see id. § 37.011(b). On behalf of the Harris County Juvenile Board, you ask whether a juvenile board is authorized to provide educational services to students[3] who have not been adjudicated delinquent by a juvenile court and ordered to attend a JJAEP pursuant to Education Code, section 37.011(b). You also ask if a juvenile board is authorized to enter into a memorandum of understanding with school districts that provides for JJAEP placement of students expelled from school but not adjudicated delinquent pursuant to section 37.011(b). We believe that the legislature intended to authorize juvenile boards to provide educational services to students who are not required to attend a JJAEP by a juvenile court order and to authorize a juvenile board to enter into an agreement with school districts to provide such services.

During the last session, in revising the Education Code, the legislature made clear its intent that school districts must "maintain a safe and disciplined environment conducive to student learning." Id. § 4.001(b). Chapter 37 of the newly revised Education Code is

---

[1]See Act of May 29, 1995, 74th Leg., R.S., ch. 260, 1995 Tex. Gen. Laws 2207.

[2]See id. § 1, at 2358-60.

[3]Your brief suggests that students would be placed in a JJAEP with parental consent. See note 21 infra. In addition, you appear to be interested in the juvenile board's authority only with respect to students who have been expelled from the school district.

intended to ensure school and community safety by requiring school districts to adopt student codes of conduct, imposing certain disciplinary standards in schools, and fostering a working relationship between school districts and the juvenile justice system, particularly juvenile courts and county juvenile boards. In addition to significantly revising the Education Code in Senate Bill 1, the legislature passed numerous measures affecting the juvenile justice system,[4] including chapter 59 of the Family Code, which sets forth a "progressive sanctions" framework for use in sentencing juvenile offenders.[5] Chapter 37 of the Education Code mirrors the "progressive sanctions" framework of chapter 59 of the Family Code, providing disciplinary measures which increase in severity with the seriousness of the offense and a parallel continuum of alternative placement settings -- alternative education programs (AEPs) administered by school districts for students who have committed less serious offenses and JJAEPs administered by juvenile boards for students who have committed more serious offenses.

Section 37.001 of the Education Code requires each school district, "and jointly, as appropriate," with the juvenile board of each county in which the school district is located, to adopt a student code of conduct that must:

> (1) specify the circumstances, in accordance with this subchapter, under which a student may be removed from a classroom, campus, or alternative education program;

> (2) outline the responsibilities of each juvenile board concerning the establishment and operation of a juvenile justice alternative education program under Section 37.011;

> (3) define the conditions on payments from the district to each juvenile board;

> (4) specify conditions that authorize or require a principal or other appropriate administrator to transfer a student to an alternative education program; and

---

[4]*See, e.g.*, Act of May 29, 1995, 74th Leg., R.S., ch. 671, 1995 Tex. Gen. Laws 3643, 3643 (H.B. 466); Act of May 27, 1995, 74th Leg., R.S., ch. 748, 1995 Tex. Gen. Laws 3884, 3884 (H.B. 120); Act of May 27, 1995, 74th Leg., R.S., ch. 262, 1995 Tex. Gen. Laws 2517, 2517 (H.B. 327); Act of May 26, 1995, 74th Leg., R.S., ch. 626, 1995 Tex. Gen. Laws 3494, 3494 (H.B. 1687); Act of May 24, 1995, 74th Leg., R.S., ch. 617, 1995 Tex. Gen. Laws 3476, 3476 (H.B. 1375); Act of May 24, 1995, 74th Leg., R.S., ch. 598, 1995 Tex. Gen. Laws 3436, 3436 (H.B. 330); Act of May 24, 1995, 74th Leg., R.S., ch. 512, 1995 Tex. Gen. Laws 3253, 3253 (H.B. 2035); Act of May 19, 1995, 74th Leg., R.S., ch. 258, 1995 Tex. Gen. Laws 2197, 2197 (S.B. 267).

[5]*See* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 53, 1995 Tex. Gen. Laws 2517, 2557.

(5) outline conditions under which a student may be suspended as provided by Section 37.005 or expelled as provided by Section 37.007.

*Id.* § 37.001(a)(1) - (5).  Section 37.008 requires each school district to provide an AEP that:

(1) is provided in a setting other than a student's regular classroom;

(2) is located on or off of a regular school campus;

(3) provides for the students who are assigned to the alternative education program to be separated from students who are not assigned to the program;

(4) focuses on English language arts, mathematics, science, history, and self-discipline;

(5) provides for students' educational and behavioral needs; and

(6) provides supervision and counseling.

*Id.* § 37.008(a)(1) - (6).  Section 37.011 requires a juvenile board in a county with a population greater than 125,000 to develop a JJAEP.  A JJAEP "must focus on English language arts, mathematics, science, history, and self-discipline," *id.* § 37.011(d), and must operate at least seven hours a day, 180 days per year, *id.* § 37.011(f).[6]  Section 37.012(a) requires the school district in which a student is enrolled on the date the student is ordered to attend the JJAEP to transfer to the juvenile board in charge of the JJAEP "funds equal to the district's average per student expenditure in [AEPs]" for the portion of the year the student will attend the JJAEP.

These alternative placement settings dovetail with the progressive sanctions set forth in chapter 37.  School-administered AEPs serve students who have engaged in less serious misconduct, while juvenile board-administered JJAEPs serve students who have engaged in more serious misconduct.  A student may be placed in an AEP in one of several ways.[7]  First, a principal may place a student in an AEP if the student has been removed from a classroom by a teacher for repeatedly interfering with the teacher's ability

---

[6]A juvenile board in a county with a population of 125,000 or less may develop a JJAEP.  Educ. Code § 37.011(a).  Such a JJAEP is not subject to the requirements of section 37.011, subsections (c), (d), (f), or (g). *Id.*

[7]A student who is placed in an AEP by a school district for a length of time to extend beyond the next grading period is entitled to certain procedures. *Id.* § 37.009(b), (c), (d).

to communicate with the other students in the class or repeatedly interfering with the other students' ability to learn. *Id.* § 37.002(b), (c). Under section 37.006, a school district must transfer to an AEP a student who (i) engages in conduct punishable as a felony[8] or (ii) commits certain offenses[9] on school property or while attending a school-sponsored or school-related activity.[10] In addition, a court may order a student who has been expelled pursuant to section 37.007, *see* discussion *infra*, to attend an AEP as a condition of probation if the school district and the juvenile board have entered into a memorandum of understanding "concerning the juvenile probation department's role in supervising and providing other support services for students in alternative education programs." *Id.* § 37.010(c).

A school district must expel a student from school if the student commits certain weapons offenses or other serious offenses, such as aggravated assault, sexual assault, arson, murder, indecency with a child, or aggravated kidnapping, on school property or while attending a school-sponsored or school-related activity on or off school property, *id.* § 37.007(a), or if the student engages in conduct which contains elements of these offenses against any school district employee in retaliation for or as a result of the employee's employment with the school district, *id.* § 37.007(c).[11] A school district may expel a student who has been placed in an AEP for disciplinary reasons and continues to

---

[8]A federal district court has held that Education Code section 37.006(a), to the extent it mandates that a student who engages in felonious conduct off-campus and away from school-related activities be placed in an AEP, violates the United States Constitution because it fails to provide for any measure of due process. *See Nevares v. San Marcos Consol. Indep. Sch. Dist.*, No. A-96-CA-093 JN (W.D. Tex. May 16, 1996). The court rejected the school district's contention that the plaintiff had neither a property interest nor a liberty interest in his placement in the regular high school classes as opposed to the AEP.

[9]The offenses include: assault under Penal Code section 22.01(a)(1) or terroristic threat under Penal Code section 22.07; certain drug and alcohol-related offenses; offenses relating to abusable glue or aerosol paint under Health and Safety Code sections 485.031 through 485.035 or volatile chemicals under Health and Safety Code chapter 484; or public lewdness under Penal Code section 21.07 or indecent exposure under Penal Code section 21.08. Educ. Code § 37.006(a)(1) - (5). In addition, a student who engages in the offense of retaliation, Penal Code § 36.06, against a school employee must be placed in an AEP. Educ. Code §§ 37.006(b), 37.007(c). If the conduct contains the elements of certain weapons offenses or other serious offenses, such as aggravated assault, sexual assault, arson, murder, indecency with a child, or aggravated kidnapping, the student must be expelled. *Id.* § 37.007(a).

[10]Under section 37.001(a)(4), a student code of conduct must "specify conditions that authorize or require a principal or other appropriate administrator to transfer a student to an alternative education program." We do not address whether a school district must incorporate these statutory conditions into the student code of conduct or is authorized to add to or modify these statutory conditions.

[11]If a student engages in the offense of retaliation, *see* Penal Code § 36.06, against a school employee and the conduct contains the elements of certain weapons offenses or other serious offenses, such as aggravated assault, sexual assault, arson, murder, indecency with a child, or aggravated kidnapping, the student must be expelled. Educ. Code § 37.007(c). In addition, federal law requires a school district to expel a student who brings a firearm to school. *See id.* § 37.007(d).

engage in serious or persistent misbehavior that violates the district's student code of conduct, *id.* § 37.007(b), or a student who engages in conduct that contains the elements of the offense of criminal mischief if the conduct is punishable as a felony, *id.* § 37.007(f).[12] Expulsion appears to include expulsion from all school district campuses and programs, including an AEP.[13] *See id.* § 37.008(h).[14]

Although chapter 37 provides great detail regarding the circumstances under which a student must or may be transferred to an AEP or expelled, it says relatively little about placement in a JJAEP. Section 37.011(b) provides that if a student is found to have engaged in conduct for which a student may be expelled under section 37.007, *see supra*, and is found by a juvenile court to have engaged in delinquent conduct,[15] the juvenile

---

[12]*See* Penal Code § 28.03.

[13]Section 37.007(d)(2) provides, however, that a school district may provide educational services to a student who is expelled for bringing a firearm to school pursuant to federal law, *see supra* note 11, at an AEP.

[14]Before a student is expelled, the school district board of trustees or the board's designee must provide the student with a due process hearing. Educ. Code § 37.009(f).

We also note that under section 37.001(a)(5), a student code of conduct must "outline conditions under which a student may be . . . expelled as provided by Section 37.007." We do not address whether a school district must incorporate the statutory conditions for expulsion into the student code of conduct or whether a school district is authorized to add to or modify these statutory conditions.

[15]Family Code, section 51.03(a) defines the term "delinquent conduct" as follows:

Delinquent conduct is:

(1) conduct, other than a traffic offense, that violates a penal law of this state or of the United States punishable by imprisonment or by confinement in jail;

(2) conduct that violates a reasonable and lawful order of a juvenile court entered under Section 54.04 or 54.05 of this code, except an order prohibiting the following conduct:

(A) a violation of the penal laws of this state of the grade of misdemeanor that is punishable by fine only or a violation of the penal ordinances of any political subdivision of this state;

(B) the unexcused voluntary absence of a child from school; or

(C) the voluntary absence of a child from his home without the consent of his parent or guardian for a substantial length of time or without intent to return;

(3) conduct that violates a lawful order of a municipal court or justice court under circumstances that would constitute contempt of that court; or

court shall require the JJAEP in the county in which the conduct occurred to provide educational services to the student, *id.* § 37.011(b)(1), and order the student to attend the JJAEP, *id.* § 37.011(b)(2).

In essence, you ask whether a juvenile board is authorized to provide educational services to students other than pursuant to a juvenile court order under section 37.011(b)(1). You suggest that under section 37.011(b) a juvenile board may be limited to providing educational services to students pursuant to a juvenile court order, contending that because "the statute mentions no other class of students who should be placed in a JJAEP . . . [t]his express listing of those who must attend the JJAEP is the equivalent of the express exclusion of all others." We disagree. We construe section 37.011(b) to delineate the circumstances under which a juvenile court *must* order the JJAEP in the county in which the conduct occurred to provide educational services to the student and order the student to attend the JJAEP.[16] To construe section 37.011(b) to exclude the placement of students in a JJAEP in other situations would not be consistent with other provisions of chapter 37, particularly section 37.001, the student code of conduct provision. We believe that a juvenile board's authority to provide educational services to students under other circumstances must be implied from section 37.001. As we explain below, to conclude otherwise would render two requirements for a student code of conduct superfluous. We must construe chapter 37 to avoid this result. *See* Gov't Code § 311.021(2) (in enacting a statute, it is presumed that the entire statute is intended to be effective).

Section 37.001 requires each school district to adopt a student code of conduct jointly, as appropriate, with each juvenile board in the county. The student code of conduct must "outline the responsibilities of each juvenile board concerning the establishment and operation of a [JJAEP]," Educ. Code § 37.001(a)(2), and "define the conditions on payments from the district to each juvenile board," *id.* § 37.001(a)(3). If the legislature had intended to limit juvenile boards to providing educational services to students pursuant to a juvenile court order under section 37.011(b), a juvenile board's responsibility to establish and operate a JJAEP would be fully elaborated by sections 37.011 through 37.013. The legislature would not have required a school district to outline with juvenile boards "the responsibilities of each juvenile board concerning the establishment and operation of a [JJAEP]." *Id.* § 37.001(a)(2). Furthermore, as noted

---

(footnote continued)

      (4) conduct that violates the laws of this state prohibiting driving while intoxicated or under the influence of intoxicating liquor (third or subsequent offense) or driving while under the influence of any narcotic drug or of any other drug to the degree that renders the child incapable of safely driving a vehicle (third or subsequent offense).

[16]We have not been asked and do not address whether a juvenile court has the discretion to order a child to attend a JJAEP under any other circumstances.

above, section 37.012(a) requires the school district in which a student is enrolled on the date the student is ordered to attend the JJAEP to transfer funds to provide for the student's education to the juvenile board in charge of the JJAEP. A school district is unconditionally obliged to transfer these funds to the juvenile board. Had the legislature intended to limit juvenile boards to providing educational services to students pursuant to a juvenile court order under section 37.011(b), it would have been unnecessary to require a school district to define with juvenile boards "the conditions on payments from the district to each juvenile board." *Id.* § 37.001(a)(3).[17]

In addition, as you point out in your brief, if one were to conclude that a juvenile board is limited to providing educational services to students found to have engaged in conduct justifying expulsion and found by a juvenile court to have engaged in delinquent conduct, then students who are expelled but who have not been adjudicated delinquent will have no access to a JJAEP and thus could possibly have no access to education and other services.[18] It is unlikely that the legislature intended to make education and other services available to expelled students who have been adjudicated delinquent but deny all access to education and other services to expelled students who have not been adjudicated delinquent by a juvenile court. It is also unlikely that the legislature intended to create obstacles to placing expelled students who have not been adjudicated delinquent in supervised, educational settings. Again, we must construe chapter 37 to avoid this result. *See* Gov't Code § 311.021(3) (in enacting a statute, it is presumed a just and reasonable result is intended).

Furthermore, the continuum of sanctions and alternative placement settings for behavior management in chapter 37 is designed to protect the safety of schools and communities, and to prevent students who misbehave from committing more serious offenses, by providing problem students with ongoing supervision, education, and other appropriate services. Construing chapter 37 to preclude juvenile boards from enrolling students who have been expelled but not adjudicated delinquent would break this continuum. Construing chapter 37 to permit juvenile boards to enroll these students, on the other hand, is consistent with the framework of progressive sanctions and alternative placement settings established by the legislature.

You also ask if a juvenile board is authorized to enter into a memorandum of understanding with school districts that provides for JJAEP placement of students expelled

---

[17]You do not ask and we do not address whether a county juvenile board may expend county funds to provide educational services to expelled students.

[18]As noted above, a court may order a student who has been expelled pursuant to section 37.007 to attend a regular classroom, a regular campus, or an AEP as a condition of probation only if the school district and the juvenile board have entered into a memorandum of understanding "concerning the juvenile probation department's role in supervising and providing other support services for students in alternative education programs." Educ. Code § 37.010(c).

from school but not adjudicated delinquent pursuant to section 37.011(b).[19]   Although section 37.001 not does expressly authorize a school district and a juvenile board to enter into a memorandum of understanding, we believe it impliedly authorizes a school district and a juvenile board to enter into a memorandum of understanding consistent with a jointly adopted student code of conduct in order to reduce obligations undertaken by the school district and juvenile board in the student code of conduct to a formal agreement and to separate those obligations from other matters which must be included in a student code of conduct.[20]   For the reasons stated above, we believe that such a memorandum of understanding may provide for JJAEP placement of students expelled from school but not adjudicated delinquent pursuant to section 37.011(b).[21]

---

[19]You specifically ask about the following types of students:

(1) Students whose serious or persistent misbehavior warrants expulsion pursuant to section 37.007(b), who have not or could not be adjudicated as delinquent;

(2) Students, who are subject to mandatory expulsion for committing offenses listed in section 37.007(a), (c), (d), or (f), who have not yet been found to have engaged in delinquent conduct by a juvenile court;

(3) Students expelled for committing offenses listed in section 37.007(a), (c), (d), or (f) "but who were found by the juvenile court to have committed a lesser offense";

(4) Students expelled for committing offenses listed in section 37.007(a), (c), (d), or (f) "for whom no petition alleging delinquency is filed by the district attorney or for whom the petition has been withdrawn."

[20]Section 37.010(c) provides that a court may order a student who has been expelled pursuant to section 37.007 to attend a regular classroom, a regular campus, or an AEP as a condition of probation only if the school district and the juvenile board have entered into a memorandum of understanding "concerning the juvenile probation department's role in supervising and providing other support services for students in alternative education programs." Section 37.010(c) appears to refer to memoranda of understanding regarding AEPs as opposed to JJAEPs.

[21]Your brief suggests that students would be placed in a JJAEP with parental consent. Therefore, we do not address whether a school district is authorized to place a student in a JJAEP without parental consent. For this reason, we also do not address whether a school district must afford a student due process before placing the student in a JJAEP without parental consent or whether a student code of conduct that does not provide due process in such circumstances would violate the United States Constitution. Cf. Nevares, supra. Section 37.009(f) provides that a school district must provide a student a due process hearing before the student may be expelled under section 37.007. Neither section 37.009(f) nor any other provision of which we are aware details the procedures which might be applicable to a school district's decision to place a student who has been expelled in a JJAEP.

## S U M M A R Y

A county juvenile board is authorized to provide educational services at a juvenile justice alternative education program to students other than pursuant to a juvenile court order under section 37.011(b)(1). A county juvenile board is authorized to enter into a memorandum of understanding with school districts that provides for JJAEP placement of students expelled from school but not adjudicated delinquent pursuant to section 37.011(b).

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General